UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jean ROSEMOND,<br><br>                              Petitioner,<br><br>           - against -<br><br> Thomas DECKER, *et al.*,<br><br>                              Respondents. | **No. 19 Civ. 9657 (NSR) (LMS)** |

**THE GOVERNMENT'S RESPONSE TO THE PETITIONER'S LETTER OF MARCH 18
2020, SEEKING IMMEDIATE INTERIM RELIEF**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Respondents
86 Chambers Street, Third Floor
New York, New York 10007
Tel:     (212) 637-2699

JOSHUA E. KAHANE
Assistant United States Attorney
     – Of Counsel –

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

       1.     Update on Rosemond's removal proceedings.................................................2

       2.     Rosemond's request for interim relief .........................................................2

ARGUMENT

ROSEMOND'S REQUEST FOR IMMEDIATE INTERIM  RELEASE SHOULD BE
     DENIED..............................................................................................................................3

       1.     The Court lacks authority to grant interim release......................................3

       2.     Even if the Court determines that it has authority to grant
               Rosemond's emergency request, Rosemond has not demonstrated
               that release is warranted................................................................................6

CONCLUSION..........................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                             **Page(s)**

*Bolante v. Keisler*,
   506 F.3d 618 (7th Cir. 2007) ................................................................................................ 5

*Calley v. Callaway*,
   496 F.2d 701 (5th Cir. 1974) ............................................................................................... 6

*Castaneda-Castillo v. Holder*,
   638 F.3d 354 (1st Cir. 2011) ............................................................................................... 7

*Cinquemani v. Ashcroft*,
   No. 00 Civ. 1460 (RJD), 2001 WL 939664 & n.6 (E.D.N.Y. Aug. 16, 2001) ......................... 5

*Elkimya v. DHS*,
   484 F.3d 151 (2d Cir. 2007)................................................................................................. 4

*Evangelista v. Ashcroft*,
   204 F. Supp. 2d 405 (E.D.N.Y. 2002) ................................................................................ 10

*Fernandez Aguirre v. Barr*,
   No. 19 Civ. 7048 (VEC), 2019 WL 3889800 (S.D.N.Y. Aug. 19, 2019)................................ 10

*Genus v. Decker*,
   No. 19 Civ. 10647 (JPO), ECF No. 17 (S.D.N.Y. Mar. 23, 2020) .......................................... 12

*Guerrero v. Decker*,
   No. 19 Civ. 11644 (KPF), 2020 WL 1244124 (S.D.N.Y. Mar. 16, 2020) .............................. 11

*Halley v. Ashcroft*,
   148 F. Supp. 2d 234 (E.D.N.Y. 2001) ................................................................................ 10

*INS v. St. Cyr*,
   533 U.S. 289 (2001).......................................................................................................... 3

*Jennings v. Rodriguez*,
   138 S. Ct. 830 (2018)....................................................................................................... 4, 5

*Landano v. Rafferty*,
   970 F.2d 1230 (3d Cir. 1992).............................................................................................. 7

*Mapp v. Reno*,
   241 F.3d 221 (2d Cir. 2001).......................................................................................... *passim*

*New York ex rel. Schneiderman v. Actavis PLC*,
   787 F.3d 638 (2d Cir. 2015)................................................................................................ 7

*Nikolic v. Decker*,
   No. 19-CV-6047-LTS, 2020 WL 1304398 (S.D.N.Y. Mar. 19, 2020)..................................... 11

*Ostrer v. United States*,
   584 F.2d 594 (2d Cir. 1978)................................................................................................ 1

*Reid v. Decker*,
   No. 19 Civ. 8393 (KPF), 2020 WL 996604 (S.D.N.Y. Mar. 2, 2020) ................................... 10

*Umana Jovel v. Decker*,
   No. 20-CV-0308, ECF No. 26 (S.D.N.Y. Mar. 24, 2020) ....................................................... 1

*United States of America v. Jefferson*,
   Criminal No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020).................................. 9

*United States v. Gileno*,
   No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108 (D. Conn. Mar. 19, 2020)................................ 9

*United States v. Hamilton*,
   No. 19-CR-54-01 (NGG), 2020 WL 1323036 (E.D.N.Y. Mar. 20, 2020) ................................ 9

*United States v. Lui Kin-Hong*,
   83 F.3d 523 (1st Cir. 1996) ............................................................................ 7

*United States v. Martin*,
   Criminal Case No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) ................ 10

*United States v. Mett*,
   41 F.3d 1281 (9th Cir. 1994) ........................................................................ 6

## **Statutes**

8 U.S.C. § 1226(c) ............................................................................ *passim*

8 U.S.C. § 1231 ............................................................................ 4, 5

8 U.S.C. § 1252(a)(5) ........................................................................ 3

The government respectfully submits this memorandum of law in response to the March 18, 2020 letter requesting immediate release pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), by petitioner Jean Rosemond ("Rosemond").  *See* ECF No. 16 ("March 18 Letter").

## PRELIMINARY STATEMENT

Rosemond is an alien subject to mandatory detention under 8 U.S.C. § 1226(c) during the pendency of his removal proceedings.  Following the worldwide spread of COVID-19, Rosemond now brings the instant request, in which he asks this Court to order his immediate interim release pending resolution of his habeas petition.  The Court should deny this request.

Given that Rosemond is an alien subject to mandatory detention, even assuming that Rosemond may have underlying medical issues that might put him at greater risk than others if he contracts COVID-19, this Court lacks authority to grant Rosemond's request for immediate interim release because the political branches have provided through law for the mandatory detention of individuals such as Rosemond.[1]  Rosemond has failed to provide any controlling cases upon which this Court could find such authority, nor could he.  Even if the Court had such authority, Rosemond still fails to meet his heavy burden of demonstrating that such relief is necessary or appropriate in this case.  To grant Rosemond relief, the Court would have to grant Rosemond's habeas petition—which the Court should not do for the reasons set forth in the

---

[1] As the Second Circuit explained in *Mapp*, the authority to grant bail derives from the authority of the judicial branch (here, the district court) to grant habeas relief. *See, e.g.*, *Mapp*, 241 F.3d at 225-26; *see also Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978) (explaining that "[a] district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody"). Thus, the question of whether to grant or deny Rosemond's request for interim relief must be decided by the district court either upon this Court's Report and Recommendation or in the first instance, if the reference were to be withdrawn.  Magistrate Judge Netburn recently issued a Report and Recommendation addressing a request for *Mapp* relief, including the threshold issue of whether a magistrate judge could rule on such a request. *See Umana Jovel v. Decker*, No. 20-CV-0308 (GBD) (SN), ECF No. 26 at 6 (S.D.N.Y. Mar. 24, 2020).

government's opposition brief.  If the Court nonetheless does so and determines that Rosemond's detention is unconstitutional, the Court should order a bond hearing—as opposed to outright release—so that an immigration judge can assess Rosemond's fitness for release.

**BACKGROUND**

For a full recitation of the facts, the government respectfully refers the Court to the background section contained in its brief in opposition to the habeas petition, ECF No. 10 at 2-9. The government provides the following update on matters that have occurred since the government filed its brief on November 13, 2019.

**1.      Update on Rosemond's removal proceedings**

On March 12, 2020, the Board of Immigration Appeals ("BIA") issued a decision that dismissed that portion of Rosemond's appeal that challenged the Immigration Judge's finding him removable.  *See* ECF No. 16-1 at 3 ("[W]e affirm the Immigration Judge's determination that [Rosemond] is removable as an aggravated felon.").  The BIA upheld portions of the Immigration Judge's decision granting withholding of removal, but "remand[ed] the record to the Immigration Judge for further fact finding and analysis regarding the issues of nexus and government involvement in the feared prosecution."  *Id.* at 4.

**2.      Rosemond's request for interim relief**

On March 18, 2020, Rosemond filed a letter requesting that the Court order his immediate release under *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), while his petition pends before this Court and while the coronavirus public health crisis continues.  *See* March 18 Letter at 1.  Specifically, Rosemond asserts that the Court should order his immediate interim release due to his alleged "serious medical conditions and resulting vulnerability to severe illness or death if infected by the coronavirus ("COVID-19") while in immigration detention."  *Id.*

Rosemond asserts that he has "significant medical issues, including schizophrenia, major depressive disorder, alcohol abuse disorder, and low cognitive functioning." *Id.* at 2.

## ARGUMENT

## ROSEMOND'S REQUEST FOR IMMEDIATE INTERIM RELEASE SHOULD BE DENIED

Rosemond seeks immediate release during the pendency of his habeas petition under *Mapp v. Reno*. *See* March 18 Letter. For the reasons set forth below, the Court should deny this request. *Mapp* does not provide this Court with authority to grant such relief, and even if it did, Rosemond has not satisfied the stringent burden for such relief.

### 1. The Court lacks authority to grant interim release

Contrary to Rosemond's assertion, *Mapp* does not provide this Court with authority to grant interim release in this case. *Mapp*, decided in 2001, was a pre-REAL ID Act case where an alien had challenged his deportation proceedings, but not the validity of his detention, through a district court habeas petition.[2] *See Mapp*, 241 F.3d at 223-24. The district court ordered the alien released on bail during the pendency of the habeas proceeding. *Id.* at 224. On appeal, the Second Circuit held that while district courts generally had the authority to release aliens on bail

---

[2] Prior to passage of the REAL ID Act of 2005, aliens could seek review of their removal orders through the filing of a habeas petition in federal district court. *See, e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 311-14 (2001). The REAL ID Act removed habeas as a permissible avenue for challenging a removal order, stripped district courts of jurisdiction to review removal orders, and vested the courts of appeals with exclusive jurisdiction to review challenges to final removal orders. *See* 8 U.S.C. § 1252(a)(5).

pending completion of habeas proceedings,[3] Mapp himself was not entitled to release on bail (because he did not meet the stringent standard for such extraordinary relief). *Id.* at 231.

Relevant here, in discussing the scope of the district court's authority to release aliens on bail during the pendency of habeas proceedings, the Second Circuit explained that, "in some cases, detention without bail is a necessary feature of our deportation procedures," and in such circumstances, "the burden lies on the political branches explicitly to instantiate such a system of detention, and to do so through the law." *Id.* at 227.  In other words, at the very least, the authority of federal courts to admit a detained alien to bail is limited to circumstances where Congress has not expressly provided for detention without bail.[4]  Congress did so here in § 1226(c): "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings *'only if'* the alien is released for witness-protection purposes." *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) (emphasis added). Thus, this Court lacks authority to grant interim release to a habeas petitioner who is subject to mandatory detention under § 1226(c).

In *Mapp*, the petitioner was not subject to mandatory detention under § 1226(c), and was instead detained under 8 U.S.C. § 1231, under which detention is mandatory only for an initial period of 90 days, and discretionary thereafter.  *Mapp*, 241 F.3d at 228-29 ("[T]he INS now

---

[3] Following the passage of the REAL ID Act of 2005, which channeled all challenges to removal orders to the court of appeals through petitions for review (repealing the use of habeas petitions in district court), the Second Circuit extended *Mapp* to petition-for-review proceedings in the court of appeals, holding that the Second Circuit has the "inherent authority . . . to grant bail where it is 'necessary to make the . . . [petition for review] remedy effective.'" *Elkimya v. DHS*, 484 F.3d 151, 154 (2d Cir. 2007).

concedes that, because Mapp's administrative proceedings are final, the conditions of his detention are governed by 8 U.S.C. § 1231 and '[h]e is no longer subject to 'mandatory detention.''"). This was crucial to the Second Circuit's decision. Because Mapp was not subject to mandatory detention, the Second Circuit observed that the district court's authority was not limited by a specific statutory provision, and thus it retained the authority to grant bail pending the habeas proceeding. *Id.* at 229. In *Mapp*, because the government conceded that § 1226(c) did not govern Mapp's detention, the government's sole argument that federal courts lacked authority to grant bail to aliens was based on "the more general notion that the exercise of such power by the judiciary is inconsistent with the political branches' plenary control over immigration matters." *Mapp*, 241 F.3d at 229. The Second Circuit rejected this argument, explaining: "we are unprepared to hold that powers that are inherent in the federal courts, like that of granting bail to habeas petitioners, can be limited by general attitudes cobbled together from laws of varying vintage and scope, rather than by specific statutory provisions." *Id.*

Here, as noted, there is just such a "specific statutory provision[]" that expressly requires mandatory detention, *i.e.*, § 1226(c), and that provision specifies only one circumstance in which an alien detained under that section may be released before the conclusion of removal proceedings—namely, only for witness-protection purposes. 8 U.S.C. § 1226(c)(2); *Jennings*, 138 S. Ct. at 847. Because Congress provided for mandatory detention for aliens in Rosemond's circumstances, this Court lacks authority to grant Rosemond the emergency relief that he seeks. *Mapp*, 241 F.3d at 227-29; *accord Bolante v. Keisler*, 506 F.3d 618, 620-21 (7th Cir. 2007)

---

[4] Although not relevant to this case, in *Mapp*, the Second Circuit further suggested that, where Congress provided for discretionary detention, federal courts may be further constrained from granting release on bail where the agency has exercised such discretion. *See Mapp*, 241 F.3d at 229 n.12; *see also Cinquemani v. Ashcroft*, No. 00 Civ. 1460 (RJD), 2001 WL 939664, at *6-8 & n.6 (E.D.N.Y. Aug. 16, 2001) (citing *Mapp*).

("Even if in the absence of legislation a federal court could grant bail to an alien challenging a removal order, it cannot do so if Congress has forbidden it."). Accordingly, the Court should deny Rosemond's request for immediate interim release during the pendency of this action.[5]

**2. Even if the Court determines that it has authority to grant Rosemond's emergency request, Rosemond has not demonstrated that release is warranted**

Even if the Court determines that it has the inherent authority to grant Rosemond's request for release during the pendency of this action pursuant to *Mapp*—notwithstanding § 1226(c)'s explicit prohibition on release—Rosemond has not met the stringent standard for such relief. The Second Circuit made clear that the power of Article III courts to grant bail for aliens in immigration proceedings is, at most, a "limited one, to be exercised in special cases only." *Mapp*, 241 F.3d at 226. The Second Circuit explained that "a habeas petitioner should be granted bail only in unusual cases," and the "standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Id.* (internal citations and quotation marks omitted). The Second Circuit has not elaborated on the second requirement, but other circuits have noted that special circumstances include: (1) a serious deterioration of health while incarcerated, (2) unusual delay in the appeal process, (3) short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective. *See, e.g.*, *United States v. Mett*, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) (listing circumstances (1) and (2)); *Calley v.*

---

[5] Given this clear statement of the law, the Court may only grant Rosemond relief if it determines that Rosemond's detention is unconstitutional, a determination the Court must make on the merits of the habeas petition itself, which would require the Court to first grant Rosemond's habeas petition. For the reasons stated in the government's brief in opposition to the habeas petition, the Court should not grant the habeas petition.

*Callaway*, 496 F.2d 701, 702 n.1 (5th Cir. 1974) (internal citations omitted) (listing circumstance (3)); *see also Castaneda-Castillo v. Holder*, 638 F.3d 354, 361 n.7 (1st Cir. 2011) (holding that special circumstances may include delayed extradition hearing); *United States v. Lui Kin-Hong*, 83 F.3d 523, 524 (1st Cir. 1996) (same); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (extraordinary circumstances "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence").

Thus, even assuming *arguendo* that the Court has authority to grant Rosemond interim release under *Mapp*, Rosemond has not demonstrated that this is a "special case" warranting the extraordinary relief of interim release.  *Mapp*, 241 F.3d at 226.  First, for all of the reasons explained in the government's brief in opposition to the habeas petition and as set forth *infra*, Rosemond fails to meet the first requirement because he has not demonstrated that he raises "substantial claims" in his habeas petition, that is, whether he has "a substantial likelihood . . . of succeeding on the merits of his" petition.  *Id.* at 230 n.13; *see also New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (for such injunctive relief, the movant "must show a 'clear' or 'substantial' likelihood of success on the merits").  Specifically, Rosemond's detention under § 1226(c) is constitutional—there is no constitutional bright-line rule requiring a bond hearing at six months, and, as applied to him, Rosemond's detention under § 1226(c) is not unconstitutionally prolonged and his detention continues to serve valid statutory purposes while his proceedings are ongoing.[6]  Accordingly, Rosemond does not meet the first requirement for interim release.

---

[6] An as-applied due process challenge necessarily requires an individualized, case-by-case review, and thus Rosemond's string cite to cases where other district courts have granted habeas relief is neither persuasive nor dispositive. *See* March 18 Letter at 5-6.

Even if he could satisfy that first requirement, Rosemond does not meet the second, independent requirement that he demonstrate "that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective."  *Mapp*, 241 F.3d at 226.  The Second Circuit has narrowed the focus to why bail is necessary to make the habeas remedy effective.  Indeed, in *Mapp*, the Second Circuit reversed the district court's grant of bail because it was "by no means obvious" that a habeas petitioner seeking a 212(c) hearing would need to be released in order to make that remedy effective.  *Id.* at 231 ("[T]he effectiveness of this form of relief is wholly independent of the question of whether [the petitioner] is incarcerated while the § 212(c) hearing is pending.").  That is, in *Mapp*, even assuming that the circumstances were "extraordinary," the Second Circuit reversed because the "district court neglected to articulate why its grant of bail was 'necessary to make the habeas remedy effective.'"  *Id.* at 226, 230.

Here, the habeas relief that Rosemond seeks is either release or a bond hearing (to remedy his allegedly unconstitutional detention without a bond hearing).  Habeas Petition (ECF No. 1) ¶ 70.  Rosemond has not demonstrated why a grant of interim release (essentially, the ultimate relief that Rosemond hopes to obtain through his habeas petition) is necessary to make the remedy—release or a bond hearing—effective.  He argues that the Court should order his release "during the threat of COVID-19 to the region 'before [his/her] health declines past the point at which [he] is unable to adjudicate [his] . . . applications'"; that is, he asserts that his interim release is necessary because he may contract COVID-19 while detained and "he is now at heightened risk of severe injury."  March 18 Letter at 7.  While the COVID-19 crisis is serious and Rosemond's health situation is sympathetic, he has not articulated an extraordinary circumstance that would render the habeas relief (*i.e.*, release or a bond hearing) ineffective.  At this time, the government is unaware of any confirmed cases of COVID-19 at the Orange County

Jail (either by inmates, detainees, or staff), the facility where Rosemond is detained.[7]  Moreover, this Office has been informed that the facility has taken proactive measures to prevent detainees within its care from contracting and spreading the virus.  These measures include: modifying the intake process for all incoming detainees and pre-screening of all newly admitted detainees prior to admission to the facility, after which such individuals are placed in administrative segregation for a minimum of five business days for monitoring to assure that they are displaying no symptoms of the virus, and such individuals must be medically cleared thereafter before being moved into the general population; suspending all contact and non-contact visits at the jail; dramatically increasing sanitation frequency in housing units at the jail; and screening of all employees and vendors who enter the jail.  ICE has also provided additional information on its website, https://www.ice.gov/covid19.

Recent courts have denied release to criminal detainees who have argued for release given the spread of COVID-19, citing precautionary measures implemented by correctional facilities.  *See, e.g.*, *United States of America v. Jefferson*, Criminal No. CCB-19-487, 2020 WL 1332011, at *1 (D. Md. Mar. 23, 2020) (denying release to asthmatic detainee citing precautionary measures implemented by the correctional facility); *United States v. Hamilton*, No. 19-CR-54-01 (NGG), 2020 WL 1323036, at *4 (E.D.N.Y. Mar. 20, 2020) (denying release to detainee with advanced age and medical condition citing "no reported incidents of COVID-19 within [the correctional facility], and the Bureau of Prisons is taking system-wide precautions to mitigate the possibility of infection within its facilities."); *United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (denying release to detainee

---

[7]  ICE posts information about confirmed cases of COVID-19 on its website at https://www.ice.gov/covid19 (follow "confirmed cases").

with medical issues, explaining "the Court cannot assume that the Bureau of Prisons will be unable to manage the outbreak or adequately treat [the detainee] should it emerge at his correctional facility while he is still incarcerated."); *United States v. Martin*, Criminal Case No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) ("[W]hile the record confirms that Martin has disclosed that he suffers from asthma, high blood pressure, and diabetes, this alone is insufficient to rebut the proffer by the Government that the correctional and medical staff at CDC are implementing precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus").

Other courts have grappled more generally with *Mapp*'s second requirement. *See, e.g.*, *Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 407-09 (E.D.N.Y. 2002) (denying bail application because, for several reasons, petitioner "has not convinced the court that his immediate release is necessary in order to make the habeas remedy effective," even where the petitioner argued that he and his wife suffered from medical issues); *Halley v. Ashcroft*, 148 F. Supp. 2d 234, 236 (E.D.N.Y. 2001) (Denying bail application, and noting, "petitioner has not demonstrated why the grant of bail is necessary to make the discretionary Section 212(c) hearing, which guarantees neither his release from detention nor vacatur of the INS's order of removal, effective."); *cf. Reid v. Decker*, No. 19 Civ. 8393 (KPF), 2020 WL 996604, at *13 (S.D.N.Y. Mar. 2, 2020) ("The Court is truly sympathetic to Reid's situation. However, particularly in light of the fact that the Court is granting the relief sought in Reid's Petition, Reid has not established the existence of extraordinary circumstances that make the grant of bail necessary to make the habeas remedy effective."); *Fernandez Aguirre v. Barr*, No. 19 Civ. 7048 (VEC), 2019 WL 3889800, at *4 (S.D.N.Y. Aug. 19, 2019) ("Because the Petition seeks only a constitutionally-adequate bond hearing, and because the Court has granted that relief, immediate release is not necessary to

make the habeas writ effective.").  In this District, specifically addressing the spread of COVID-19, Judge Swain recently denied *Mapp* relief to a petitioner with an alleged medical condition for failing to meet *Mapp*'s second requirement.  *See Nikolic v. Decker*, No. 19-CV-6047-LTS, 2020 WL 1304398 at *2 (S.D.N.Y. Mar. 19, 2020) ("While Petitioner asserts that complications associated with his medical condition present extraordinary circumstances that warrant his release on bail, Petitioner has not demonstrated that the grant of bail is necessary to make the habeas remedy he seeks (an individualized bond hearing) effective").  Accordingly, even if the Court determines that it has authority under *Mapp* to consider Rosemond's request for immediate interim release during the pendency of this action, which it does not, the Court should deny Rosemond's request.

Finally, for all of the reasons stated above, as well as the reasons set forth in the government's brief in opposition to the habeas petition, this Court should not grant Rosemond any relief.  To the extent that the Court grants relief, the relief should be a bond hearing before an immigration judge so that an immigration judge can assess Rosemond's fitness for relief. Indeed, in an opinion and order issued last week following a similar request for immediate interim release under *Mapp*, Judge Failla promptly issued a decision on the merits of the habeas petition, granting the petition and ordering the government to provide the petitioner with a new bond hearing before an immigration judge within 30 days from the date of her order.  *See Guerrero v. Decker*, No. 19 Civ. 11644 (KPF), 2020 WL 1244124 (S.D.N.Y. Mar. 16, 2020). Likewise, in an order issued on Monday following a similar request for immediate interim release under *Mapp*, Judge Oetken issued a decision on the merits of the habeas petition, granting the petition and ordering the government to provide the petitioner with a new bond

hearing before an immigration judge within 14 days from the date of his order. *Genus v. Decker*, No. 19 Civ. 10647 (JPO), ECF No. 17 (S.D.N.Y. Mar. 23, 2020).

## CONCLUSION

For the foregoing reasons, the Court should deny Rosemond's request for immediate interim release under *Mapp*.

Dated:   New York, New York
         March 25, 2020

                                        Respectfully,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York,
                                        Attorney for Respondents

                        By:      /s/ *Joshua E. Kahane*
                                 JOSHUA E. KAHANE
                                 Assistant United States Attorney
                                 86 Chambers Street, Third Floor
                                 New York, New York 10007
                                 Tel.    (212) 637-2699
                                 Fax     (212) 637-2786
                                 joshua.kahane@usdoj.gov