UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JEAN ROSEMOND,

                            Petitioner,

     -against-

THOMAS DECKER, et al.,

                         Respondents.

-----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 4/14/2020

19-cv-9657 (NSR) (LMS)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Petitioner Jean Rosemond ("Petitioner" or "Rosemond") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his prolonged detention in United States Immigration and Customs Enforcement ("ICE") custody as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. (ECF No. 1). To date, Rosemond has been detained for over one year without a bond hearing. Rosemond seeks the issuance of a writ ordering Respondents to release him unless they provide him, within seven days of the Court's order, with a constitutionally adequate, individualized hearing before an impartial adjudicator at which the Department of Homeland Security ("DHS") bears the burden of establishing by clear and convincing evidence that his continued detention is justified and the adjudicator considers alternatives to detention and Rosemond's ability to pay. Respondents oppose the Petition. (*See* ECF Nos. 9–11.)

Furthermore, on March 18, 2020, Rosemond filed an emergency motion for his immediate interim release pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), in light of the Coronavirus Disease 2019 ("COVID-19") and Rosemond's "serious medical conditions." (Emergency Motion, ECF No. 16 at 1.)

Currently pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Lisa Margaret Smith pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Rosemond's Petition be granted, but that Rosemond's request for immediate interim release under *Mapp* be denied.  (ECF No. 20.)  For the following reasons, this Court adopts the R&R, grants Rosemond's Petition, and denies Rosemond's Emergency Motion for immediate interim release.

## BACKGROUND

The facts are taken from the R&R, unless otherwise noted.  The Court assumes familiarity with the factual and procedural background of this case, as set forth in the R&R.

Rosemond arrived in the United States in 1983 as a 10-year-old and has been a Lawful Permanent Resident ("LPR") since that time.  On April 2, 2019, ICE detained Rosemond, placed him in ICE custody at the Orange County Jail in Goshen, New York, and served him with a Notice to Appear ("NTA"), on a date "to be set."  The NTA charges Rosemond as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his convictions for two aggravated felonies.  ICE commenced removal proceedings against Rosemond on April 4, 2019.  Rosemond has been detained at the Orange County Jail without a bond hearing since being taken into custody on April 2, 2019.

On September 20, 2019, the Immigration Judge ("IJ") issued a written decision finding that Rosemond was removable based on only one of his convictions, but also finding that his removal should be withheld since Rosemond showed a "clear probability" of persecution if he was removed to Haiti due to his significant mental health conditions.  On March 12, 2020, the Board of Immigration Appeals ("BIA") issued its decision on appeal.  The BIA concluded that

Rosemond was removable, but upheld the IJ's determination that Rosemond had met his burden of establishing that he is a member of a "particular social group of people with mental disorders who exhibit erratic behavior" and that it is more likely than not that Rosemond would suffer persecution if he is returned to Haiti, as he "will likely be institutionalized and suffer harm rising to the level of persecution inside the institution."  Nonetheless, the BIA remanded the matter to the IJ "for further fact finding and analysis regarding the issues of nexus and government involvement in the feared persecution."[1]

Rosemond filed the instant Petition on October 18, 2019, and subsequently filed the Emergency Motion on March 18, 2020.  After considering the parties' submissions and the record, Judge Smith issued the R&R recommending that this Court grant Rosemond's Petition and deny Rosemond's Emergency Motion for immediate interim release.  On April 8, 2020, both Petitioner and Respondents filed timely written partial objections to the R&R.  (ECF Nos. 21–22.)

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court.  Fed. R. Civ. P. 72(b)(1).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  *Id*.; *accord* 28 U.S.C. § 636(b)(1).

When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court may also "adopt those portions of the [Report and Recommendation] to which no objections have been made and which are not facially erroneous."

---

[1] On April 2, 2020, Rosemond's immigration court remand proceedings were rescheduled to April 21, 2020.  (*See* ECF No. 21 at 9.)

*West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting

*Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)); *see also* 28

U.S.C. § 636(b)(1)(A) ("[T]he court may reconsider any pretrial matter under this subparagraph .

. . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

law.")

However, when a specific objection is made, the district court must review the contested

sections *de novo*.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations

to which objection is made."); Fed. R. Civ. P. 72(b) ("The district judge to whom the case is

assigned shall make a de novo determination upon the record, or after additional evidence, of any

portion of the magistrate judge's disposition to which specific written objection has been made in

accordance with this rule."); *see, e.g., Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y.

1991).  In a *de novo* review, a district court must consider the "[r]eport, the record, applicable

legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,*

No. 04-CV-5061(RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation

marks and citations omitted).  Objections must be "specific and clearly aimed at particular

findings" in the Report and Recommendation.  *Molefe v. KLM Royal Dutch Airlines*, 602 F.

Supp. 2d 485, 487 (S.D.N.Y. 2009).

### DISCUSSION

### I.        Petitioner's Emergency Motion for Immediate Interim Release

Rosemond's Emergency Motion seeks his immediate interim release pursuant to *Mapp v.*

*Reno*, 241 F.3d 221 (2d Cir. 2001), due to his "serious medical conditions and resulting

4

vulnerability to severe illness or death if infected by the coronavirus . . . while in immigration detention[.]" (Emergency Motion at 1.)

### a. Magistrate Judge's Findings

Judge Smith analyzed the applicability of the *Mapp* doctrine and concluded that it applies in this case, where Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (R&R at 8–9.)  Judge Smith proceeded to apply the *Mapp* standard to Rosemond's request for immediate release, and considered: (i) whether the habeas petition raises substantial claims, and (ii) whether extraordinary circumstances exist that make the grant of bail necessary in order to make the habeas remedy effective.  *See, e.g., Nikolic v. Decker*, No. 19-CV-6047-LTS, 2020 WL 1304398, at *1 (S.D.N.Y. Mar. 19, 2020); *Reid v. Decker*, 2020 WL 996604, at *13 (S.D.N.Y. Mar. 2, 2020).   Judge Smith found that the Petition presents a substantial claim and recommended that the Petition be granted and a bond hearing be held; thus, she found the first factor was met.  As to the second factor, Judge Smith determined that, under the circumstances presented, the grant of bail was not "necessary in order to make the habeas remedy effective." Specifically, Judge Smith observed that Rosemond's Petition seeks only a constitutionally adequate bond hearing, and Judge Smith recommended the grant of such relief.  In addition, Judge Smith distinguished Rosemond's health conditions from those featured in other cases wherein bail was found to be necessary to make the habeas remedy effective. Judge Smith concluded that the grant of immediate interim release was *not* necessary to make the habeas remedy effective.  (R&R at 9–14.)

### b. Discussion of Objections

#### i. Whether *Mapp* Applies in § 1226(c) Mandatory Detention Cases

Respondents argue that the R&R incorrectly concludes that federal courts have authority to release a petitioner under *Mapp* where the petitioner is held in mandatory detention pursuant

to 8 U.S.C. § 1226(c).  The petitioner in *Mapp* was detained under a separate provision, 8 U.S.C. § 1231, under which detention is mandatory only for an initial period of 90 days, and discretionary thereafter. *Mapp*, 241 F.3d at 228–29.   The Second Circuit rejected the government's argument that federal courts lacked authority to grant bail to aliens in that situation, reasoning: "we are unprepared to hold that powers that are inherent in the federal courts, like that of granting bail to habeas petitioners, can be limited by general attitudes cobbled together from laws of varying vintage and scope, rather than by specific statutory provisions." *Id.* By contrast, Respondents contend that the power the grant bail to habeas petitioners is constrained here by specific statutory provisions.

Respondents underscore § 1226(c), which "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings '*only if*' the alien is released for witness protection purposes." *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) (emphasis added).  Thus, Respondents conclude, the Court lacks authority to grant release pending a bond hearing for a petitioner who is subject to mandatory detention under § 1226(c).

Judge Smith properly considered and rejected this interpretation of *Mapp*. The *Mapp* decision did not opine on the question of whether § 1226(c) limits to the Court's inherent powers to release a habeas petitioner to bond.  Judge Smith also noted that courts in this District have issued interim relief to § 1226(c) detainees. *See, e.g.*, *Kiadii v. Decker*, No. 18-CV-1584 (AT), 2018 WL 10456549, at *1-2 (S.D.N.Y. Mar. 2, 2018) (granting release of person held under § 1226(c) pursuant to inherent authority under *Mapp*).[2]

---

[2] *See also Umana Jovel v. Decker*, No. 20CIV308GBDSN, 2020 WL 1467397, at *1 (S.D.N.Y. Mar. 26, 2020) (same) ("This Court disagrees with the Government's claim that *Mapp* does not apply in § 1226(c) mandatory detention cases, such as the present."); *Arana v. Barr et al*, No. 19 CIV. 7924 (PGG), 2020 WL 1659713, at *7 (S.D.N.Y. Apr. 3, 2020) (applying *Mapp* and denying interim release of person held under § 1226(c)); *cf. Vacchio v. Ashcroft*, 404 F.3d 663, 673 (2d Cir. 2005) (explaining that a prior panel released petitioner on bail under *Mapp* during the pendency of the appeal of his habeas petition challenging mandatory detention under 1226(c)). .

### ii. Whether Petitioner Failed to Demonstrate Extraordinary Circumstances

Petitioner objects to the R&R on the ground that Judge Smith erred in finding that the circumstances presented were not "extraordinary," and therefore the second element of the *Mapp* test had not been met. Petitioner argues the COVID-19 Pandemic, Rosemond's particular circumstances, and the dysfunction of Varick Street Immigration Court are extraordinary circumstances that merit immediate interim release. Petitioner refers to courts in this district that have exercised their inherent authority pursuant to *Mapp* and ordered the release of immigrant detainees in what Petitioner contends are analogous and less extraordinary circumstances.

Judge Smith correctly considered the circumstances at hand and determined they did not rise to the level of "extraordinary." Where, as here, the petitioner seeks a bond hearing—and the court grants such a hearing—interim release is not needed for that bond hearing to be constitutionally adequate. *See Arana v. Barr*, No. 19 Civ. 7924 (PGG) (DF), 2020 WL 1659713, at *7 (S.D.N.Y. Apr. 3, 2020) (denying immediate interim release pending a bond hearing); *Nikolic v. Decker*, No. 19 Civ. 6047 (LTS), 2020 WL 1304398 at *2 (S.D.N.Y. Mar. 19, 2020) ("While Petitioner asserts that complications associated with his medical condition present extraordinary circumstances that warrant his release on bail, Petitioner has not demonstrated that the grant of bail is necessary to make the habeas remedy he seeks (an individualized bond hearing) effective"); *Reid v. Decker*, No. 19 Civ. 8393 (KPF), 2020 WL 996604, at *13 (S.D.N.Y. Mar. 2, 2020) ("The Court is truly sympathetic to Reid's situation. However, particularly in light of the fact that the Court is granting the relief sought in Reid's Petition, Reid

has not established the existence of extraordinary circumstances that make the grant of bail necessary to make the habeas remedy effective.").[3]

Furthermore, while the Court acknowledges the unique and significant challenges posed by the COVID-19 pandemic, it agrees with Judge Smith that the cases in which the petitioner's health conditions were found to contribute to "extraordinary circumstances" meriting relief are distinguishable.   (R&R at 11) (discussing *D'Alessandro v. Mukasey*, No. 08-CV-914 (RJA)(VEB), 2009 WL 799957, at \*4 (W.D.N.Y. March 25, 2009), *modified*, 2009 WL 10194901 (W.D.N.Y. Mar. 26, 2009), *aff'd*, 2009 WL 931164 (W.D.N.Y. Apr. 2, 2009); *Umana Jovel v. Decker*; and *Arana*).   In addition, the R&R correctly explains that there is "no evidence that [Rosemond]'s mental disorders alone make him particularly vulnerable to COVID-19." R&R at 12.[4]

## II.      Rosemond's Habeas Petition

Rosemond brings this Petition pursuant to 28 U.S.C. § 2241, challenging his prolonged detention in ICE custody as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.  To date, Rosemond has been detained for over one year without a bond hearing.

---

[3] In *Arana*, Judge Gardephe noted "There is some evidence that hearings can be expeditiously conducted. On March 26, 2020, Judge Daniels ordered a bond hearing to occur by April 3, 2020, and a hearing was scheduled for March 31, 2020." (citing *Umana Jovel v. Decker*, No. 20 Civ. 308, 2020 WL 1467397, at \*2 (S.D.N.Y. Mar. 26, 2020) and *Umana Jovel v. Decker*, No. 20 Civ. 308, 2020 WL 1539282, at \*1 (S.D.N.Y. Mar. 31, 2020)).

[4] The additional cases cited in Petitioner's objection are also distinguishable.  In *Coronel,* the court found the petitioners had raised substantial claims and demonstrated a likelihood of success on the merits for their Eighth Amendment deliberate indifference to medical needs claim.  See *Coronel v. Decker,* 2020 WL 1487274 at \*9 (finding petitioners "have co-morbidities that make them particularly vulnerable if they contract COVID-19.").  In *Avendano*, the petitioner also brought deliberate indifference claims, and the court found his medical conditions rendered him "peculiarly at risk of serious injury or death in the event he contracts COVID-19."  *Avendano Hernandez v. Decker*, 20-cv-1589 (JPO), 2020 WL 1547459 at \*3 (S.D.N.Y. Mar. 31, 2020).  And in *Basank*, the court found that "[e]ach Petitioner suffers from chronic medical conditions, and faces an imminent risk of death or serious injury in immigration detention if exposed to COVID-19." *Basank v. Decker*, ---F. Supp. 3d---, 2020 WL 1481503 at \*7 (S.D.N.Y. Mar. 26, 2020).  Judge Smith also correctly noted that, although Rosemond's counsel mentioned for the first time during oral argument that Rosemond also suffers from asthma, there is no evidence in the record of this condition.

### a.  Magistrate Judge's Findings

Judge Smith applied the fact-based five-factor test set forth in *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266 (S.D.N.Y. May 23, 2018), to determine whether Rosemond's continued detention pursuant to § 1226(c) without a bond hearing has become "unreasonable."  The R&R considered: (i) the length of time the petitioner has been detained; (ii) whether the petitioner is responsible for the delay; (iii) whether the petitioner has asserted defenses to removal; (iv) whether the petitioner's civil immigration detention exceeds the time he or she spent in prison for the crime that rendered him or her removable; and (v) whether the facility in which the petitioner is detained is "meaningfully different from a penal institution for criminal detention." *Sajous*, 2018 WL 2357266, at *10–11.  Judge Smith concluded that each of the five factors weighed in Rosemond's favor, that Rosemond's detention was unreasonable and unconstitutional, and that he is entitled to a bond hearing.

Moreover, the R&R concluded that Rosemond's bond hearing should include the following procedural safeguards: Respondents should bear the burden to establish by clear and convincing evidence that Rosemond poses a flight risk or a danger to the public; the IJ should meaningfully consider alternatives to imprisonment; and the IJ should meaningfully consider Rosemond's ability to pay if setting a monetary bond.

### b.  Discussion of Objections

Respondents take the position that the *Sajous* test should not be used because, among other things, it fails to account for the government's interest in detention of certain criminal aliens.  For the avoidance of doubt, the Court acknowledges that detention under § 1226(c) may serve valid statutory purposes.  *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003).  This, however, does not mean that all detentions pursuant to § 1226(c) necessarily comport with due

process. Respondents emphasize that detention under § 1226(c) is constitutional by design, (Resp. Partial Objection to R&R, ECF No. 21, at 12–14), but this sidesteps the fact-based inquiry that courts ought undertake to meaningfully assess the constitutionality of any individual instance of detention. In this District, those subject to mandatory detention under § 1226(c) are entitled to bond hearings "when their continued detention becomes unreasonable and unjustified." *See, e.g., Brissett v. Decker*, 324 F. Supp. 3d 444, 451 (S.D.N.Y. 2018) (collecting cases). The *Sajous* fact-based analysis has been "overwhelmingly adopted" by courts in this District. *See Arana v. Barr*, No. 19 CIV. 7924 (PGG), 2020 WL 1659713, at *6 (S.D.N.Y. Apr. 3, 2020 (quoting *Dukuray v. Decker*, No. 18-CV-2989 (VB), 2018 WL 5292130, at *3, (S.D.N.Y. Oct. 25, 2018)). Accordingly, the Court agrees with Judge Smith's application of the *Sajous* test here.

Respondents argue that, even if the Court applies the *Sajous* test, it should reach a different result. The Court considers each factor in turn.

### i. Length of Detention

The Court agrees that there is no bright-line rule that governs the constitutionally permissible length of detention under § 1226(c). *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018). The R&R noted that Rosemond had been detained for about a year (he has now been detained for over a year), and cited caw law finding detention periods of less than one year to be unreasonable. (R&R at 16.) The Court agrees that, while not determinative, this weighs in favor of granting Rosemond relief.

### ii. Whether Rosemond Is Responsible for the Delay

The R&R discussed the various delays in Rosemond's immigration proceedings in detail. It appears that Rosemond's actions regarding filings and his appeal caused some of the delays, however, the R&R also notes several instances of lengthy delays caused by Respondents. The

Court agrees that "the mere fact that a noncitizen opposes his removal is insufficient to defeat a finding of unreasonably prolonged detention," particularly where the petitioner's arguments are "not frivolous." *Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL 3579108, at \*9 (S.D.N.Y. July 25, 2018), *appeal withdrawn*, No. 18-2824, 2019 WL 1377025 (2d Cir. Feb. 5, 2019). Respondents do not claim that Rosemond's claims are "frivolous,"[5] nor do they claim Rosemond's conduct was dilatory or an effort to "gam[e] the system." *Sajous*, 2018 WL 2357266, at \*10. The Court agrees that this factor weighs in favor of granting Rosemond relief.

### iii. Defenses to Removal

Respondents argue that this factor is "not relevant." The Court disagrees. The R&R correctly observed that if a detainee has asserted no defenses, "he [or she] will presumably be removed from the United States eventually," and the detainee's continued detention is therefore more reasonable. *Sajous*, 2018 WL2357266, at \*11. Here, Rosemond has raised non-frivolous defenses. The Court agrees this weighs in Rosemond's favor.

### iv. Time in Prison for the Crime that Rendered Him Removable

Respondents similarly argue that this factor is "not relevant." The Court disagrees. *See* Sajous, 2018 WL2357266, at \*11. Rosemond's only allegedly removable conviction occurred in 2001 for which he served one year in prison. Petition ¶ 69. Rosemond's time in detention has now exceeded one year. Thus, the R&R was correct in determining this factor weighs in favor of granting Rosemond relief.

### v. Difference Between the Current Facility and a Penal Institution

Again, Respondents argue that this factor is "not relevant." The Court disagrees. *See* Sajous, 2018 WL2357266, at \*11. The R&R correctly observed that Rosemond is being held in

---

[5] During oral argument Respondents conceded that Rosemond's defenses to removal are not frivolous. (R&R at 19.)

the Orange County Jail, which is used for criminal detention.  Petition ¶ 69.  Judge Smith was correct to note that this factor weighs in favor of granting Rosemond relief.

### vi.   Procedural Requirements of Rosemond's Bond Hearing

Finally, Respondents take issue with the procedural safeguards that Judge Smith recommended be imposed.  Respondents note that the Supreme Court has consistently affirmed the constitutionality of detention pending removal proceedings in cases in which the government did not bear the burden to justify that detention by clear and convincing evidence.  *See*, *e.g.*, *Demore*, 538 U.S. at 531; *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Carlson v. Landon*, 342 U.S. 524, 538 (1952). But these cases did not involve findings that detention without a bond hearing had become unreasonable.  In keeping with the "overwhelming majority" of courts post-*Jennings*, the R&R correctly concluded that, under these circumstances, the government should bear the burden to justify Rosemond's detention by clear and convincing evidence.  *Joseph v. Decker*, No. 18-CV-2640 (RA), 2018 WL 6075067, at *12 (S.D.N.Y. Nov. 21, 2018); *see also Perez v. Decker*, No. 18-CV-5279 (VEC), 2018 WL 3991497, at *6 (S.D.N.Y. Aug. 20, 2018).

As to whether the Court should require an immigration judge to consider ability to pay and alternatives to detention, Respondents have not suggested how else to satisfy the due process concerns underlying these requirements.  *See, e.g., Jovel*, 2020 WL 1502038, at *10 (S.D.N.Y. Mar. 24, 2020) ("'[T]he Constitution compels' consideration of ability to pay and alternatives to detention") (quoting *Hernandez*, 2018 WL 3579108, at *12); *Perez*, 2018 WL 3991497, at *6 (Due Process Clause requires an Immigration Judge to consider alternatives to detention and a petitioner's ability to pay a bond).  The Court therefore agrees that such requirements are necessary to safeguard due process in this case.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Smith's R&R. Rosemond's Petition is GRANTED and his Emergency Motion is DENIED. Respondents will either produce Petitioner before an Immigration Judge by April 28, 2020 for an individualized bond hearing or release him on his own recognizance that day. The bond hearing must include the procedural safeguards set forth in the R&R. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 16. The Clerk of the Court is also respectfully directed to close this case.

Dated: April 14, 2020                                    SO ORDERED:
     White Plains, New York

                                                       NELSON S. ROMÁN
                                     United States District Judge